UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BRANDON HATLEVIG,

    Plaintiff,

vs.

MESSERLI & KRAMER P.A.,

and

LVNV FUNDING LLC,

    Defendants.

Case No. 21-cv-612

## COMPLAINT

NOW COMES the Plaintiff Brandon Hatlevig, by and through his attorneys, DeLadurantey Law Office, LLC, and complains of Defendant Messerli & Kramer P.A. and Defendant LVNV Funding LLC, and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from unlawful collection attempts of the Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*.

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States. This Court also has jurisdiction pursuant to 15 U.S.C. §

1692k(d), as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

4. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the Defendant resides. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

5. Plaintiff Brandon Hatlevig (hereinafter "Plaintiff") is a natural person who resided in the County of Green, State of Wisconsin.

6. Defendant Messerli & Kramer P.A. (hereinafter "Defendant Messerli") is a foreign business with a principal office at 100 South 5th Street, 1400 Fifth Street Towers, Minneapolis, MN 55402, Defendant does not have a listed registered agent on the Minnesota Secretary of State's website.

7. Defendant Messerli is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

8. Defendant Messerli is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

9. Defendant LVNV Funding, LLC (hereinafter "Defendant LVNV") is a foreign business with a principal office of 1703 Laurel Street, Columbia, South Carolina 29223, and a registered agent of Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169.

10. Defendant LVNV is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

11. Defendant LVNV is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

12. Defendant LVNV is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability, as it relates to the allegations in this case.

**Factual Allegations**

13. Sometime prior to 2019, Plaintiff incurred a debt to non-party Capital One Bank USA, N.A., that was primarily for household, personal, or family purposes. This debt was for less than $25,000.

14. Plaintiff included this debt to Defendant in a Voluntary Amortization of Debts under Wis. Stat. §128 (Green County Case No. 2021CV000103) (hereinafter, the "Chapter 128").

15. Defendants received actual and constructive notice of the debt and the prohibition on wage garnishment and attachments during the case.

16. In 2021, Defendant Messerli began garnishing Plaintiff's wages, for a debt that was included in Plaintiff's Chapter 128.

17. The collection activities of Defendant have been directed at Plaintiff on debt that is within his Chapter 128 proceeding.

18. Defendants are collecting on the debt in a manner that is illegal and harassing. Defendants are in violation of the court order issued in the Chapter 128.

**Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)**

19. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts of the Defendants and their employee/agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), with respect to Plaintiff.

21. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which Defendants did when they garnished the Plaintiff.

22. Specifically, under 15 U.S.C. § 1692e(5), a debt collector cannot threaten to take any action they legally cannot take, which Defendants did when they filed garnishment documents against Plaintiff.

23. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which Defendants did when they garnished the Plaintiff.

24. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which Defendants did when they garnished the Plaintiff.

25. Plaintiff has suffered actual damages as a result of these illegal collection actions, including emotional distress in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

26. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**Count 2 – Violations of the Wisconsin Consumer Act (Wis. Stat. § 427.103)**

27. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

28. Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to… harass the customer or a person related to the consumer."

29. Suing the Plaintiff for the debt that was included in the Chapter 128 and the garnishment can reasonably be expected to harass the Plaintiff.

30. Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

31. Defendants had knowledge that they had no right to collect on the debt, yet they garnished the Plaintiff.

32. Plaintiff has suffered actual damages as a result of these illegal collection communications, including emotional distress in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

33. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. § 427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 435.308.

## Trial by Jury

34. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

A. *Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);*
B. *Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);*
C. *Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);*
D. *Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 et al.;*
E. *Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and*
F. *Other and further relief as may be just and proper.*

Dated this 28th day of September, 2021.

DeLadurantey Law Office, LLC

s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515
E: nathan@dela-law.com

*Attorney for the Plaintiff*